UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Deutsche Bank National Trust Company,<br><br>    Plaintiff<br><br>v.<br><br>Desert Garden Homeowners Association, Inc., *et al.*,<br><br>    Defendants | 2:16-cv-00687-JAD-PAL<br><br>**Order Staying Case Pending Issuance of Mandate in *Bourne Valley Court Trust v. Wells Fargo Bank* and Denying Pending Motions without Prejudice** |

As I noted in *Freedom Mortgage v. Las Vegas Development Group*,[1] in the years following Las Vegas's real estate crash, lenders and investors were at odds over the legal effect of a homeowners association's (HOA's) nonjudicial foreclosure of a superpriority lien on a lender's first trust deed. The Nevada Supreme Court settled the debate in *SFR Investments Pool 1, LLC v. U.S. Bank*, holding that "NRS 116.3116(2) gives an HOA a true superpriority lien, proper foreclosure of which will extinguish a first deed of trust."[2] The *SFR* decision made winners out of the investors who purchased foreclosure properties in HOA sales and losers of the lenders who gambled on the opposite result, elected not to satisfy the HOA liens to prevent foreclosure, and thus saw their interests wiped out by sales that often yielded a small fraction of the loan balance.

But last Friday in a reversal of fortune, two members of a Ninth Circuit panel held in *Bourne Valley Court Trust v. Wells Fargo Bank* that Chapter 116's nonjudicial foreclosure scheme "facially violated mortgage lenders' constitutional due process rights" before it was

---

[1] *Freedom Mortgage Corp. v. Las Vegas Dev. Grp., LLC*, 106 F. Supp. 3d 1174, 1180 (D. Nev. 2015).

[2] *SFR Inv. Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

amended in 2015.³ The opinion, to which Judge Wallace filed a lengthy dissent, makes no mention of the Nevada Supreme Court's own interpretation of Chapter 116's notice provisions in the *SFR* opinion and the state's highest court's conclusion that the statutory scheme does not offend due process.⁴ Nor does the majority's analysis take into consideration Nevada's rules of statutory construction that cloak the state's laws with the presumption of constitutionality⁵ or the canon of constitutional avoidance.⁶ In an August 15, 2016, emergency motion to stay publication of the *Bourne Valley* opinion, counsel for the purchaser indicated that he will be filing a petition for rehearing. To save the parties from the need or inclination to invest resources briefing the effect of the *Bourne Valley* opinion before the post-opinion motions are exhausted, I *sua sponte* **stay all proceedings in this case** pending the Ninth Circuit's issuance of the mandate.

## Discussion

A district court has the inherent power to stay cases to control its docket and promote the efficient use of judicial resources.⁷ When determining whether a stay is appropriate pending the

---

³ *Bourne Valley Ct. Trust v. Wells Fargo Bank*, 2016 WL 4254983, at *5 (9th Cir. Aug. 12, 2016).

⁴ *SFR*, 334 P.3d at 418.

⁵ *See Las Vegas Dev. Grp., LLC v. Yfantis*, 2016 WL 1248693, at *3 (D. Nev. Mar. 24, 2016) (quoting *State v. Castaneda*, 245 P.3d 550, 552 (2010) (en banc), and rejecting argument that the foreclosure scheme in NRS 116.3116 et seq. violates due process). Four of the six active district court judges in the District of Nevada have rejected the banks' due-process challenges. *See Yfantis, supra* (Gordon, J.); *Morgan Chase Bank v. SFR Investments Pool*, 2016 WL 4084036, at *8 (D. Nev. July 28, 2016) (Boulware, J.); *Capital One v. Las Vegas Dev. Group*, 2016 WL 3607160, at 5 (D. Nev. June 30, 2016) (Dorsey, J.); *Bank of Amer. v. Rainbow Bend HOA*, 2016 WL 1298114, at *3 (D. Nev. Mar. 31, 2016) (Du., J.) (rejecting constitutional challenges based on lack of state action); *see also Deutsche Bank v. TBR I, LLC*, 2016 WL 3965195, at *3 (D. Nev. July 22, 2016) (Hicks, S.J.) (same); *but see U.S. Bank v. NV Eagles, LLC*, 2015 WL 5210523, at *6–13 (D. Nev. Sept. 3, 2015) (Jones, S.J.) (holding that the statutory scheme does not satisfy due process).

⁶ *See Clark v. Martinez*, 543 U.S. 371, 381 (2005) (discussing the doctrine).

⁷ *Landis v. North American Co.*, 299 U.S. 248, 254–55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

resolution of another case—often called a "*Landis* stay"—the district court must weigh: (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, (3) "and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender.[8] After weighing these considerations, I find that a *Landis* stay is appropriate here. I address these considerations in reverse order.

**A.     A stay will promote the orderly course of justice.**

At the center of this case is an HOA-foreclosure sale under NRS Chapter 116 and the competing arguments that the foreclosure sale either extinguished the bank's security interest under the *SFR* holding or had no legal effect because the statutory scheme violates due process. The *Bourne Valley* opinion and any modification of that opinion have the potential to be dispositive of this case or at least of discrete issues that it presents. As the jurisprudence in this area of unique Nevada law continues to evolve, the parties file new motions or move to supplement the ones that they already have pending, often resulting in docket-clogging entries and an impossible-to-follow chain of briefs in which arguments are abandoned and replaced. I alone have dozens of cases challenging HOA foreclosures, with scores of dispositive motions pending—many of which raise the very issue decided by the *Bourne Valley* majority. Staying this case pending the mandate in *Bourne Valley* and denying the pending motions with leave to file new motions when the stay is lifted will permit the parties to evaluate—and me to consider—the viability of the claims under the most complete precedent. This will simplify and streamline the proceedings and promote the efficient use of the parties' and the court's resources.

**B.     Hardship and inequity**

Both parties face the prospect of hardship if I resolve the claims or issues in this case before the Ninth Circuit issues the mandate in *Bourne Valley*. A stay will prevent unnecessary briefing and the expenditures of time, attorney's fees, and resources that could be wasted—or at least prematurely spent—should the panel or the *en banc* court issue a subsequent opinion.

---

[8] *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005).

**C.     Damage from a stay**

The only potential damage that may result from a stay is that the parties will have to wait longer for resolution of this case and any motions that they have filed or intend to file in the future. But a delay would also result from any rebriefing or supplemental briefing that may be necessitated if the panel or the en banc court rehears the matter. So it is not clear to me that a stay pending the *Bourne Valley* mandate will ultimately lengthen the life of this case. I thus find that any possible damage that a stay may cause the parties is minimal.

**D.     The length of the stay is reasonable.**

Finally, I note that the stay pending the mandate in this case is expected to be reasonably short. The 14-day clock is running on post-opinion petitions.[9] Absent court order, the mandate must issue seven days after the deadline for a petition expires or, if a petition is filed, seven days after the petition is resolved.[10] Accordingly, the length of this stay is directly tied to the Ninth Circuit's issuance of its mandate in *Bourne Valley*, it is reasonably brief, and it is not indefinite.

## Conclusion

IT IS THEREFORE ORDERED that **this case is administratively STAYED**. Once the Ninth Circuit issues the mandate in *Bourne Valley Court Trust v. Wells Fargo Bank*, case number 15-15233 (2:13-cv-649-PMP-NJK), any party may move to lift the stay. Until that time, all proceedings in this action are stayed.

IT IS FURTHER ORDERED that **all pending motions are DENIED** without prejudice to their refiling within 20 days after the stay is lifted.

DATED: August 16, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

[9] *See* Fed. R. App. P. 35(c), 40(a)(1).

[10] *See* Fed. R. App. P. 41(b).